[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant moves to suppress his identification as having been unnecessarily suggestive and unreliable under the totality of the circumstances. CT Page 9786
An evidentiary hearing was conducted July 12 and 16, 2000. On January 10, 2000 at 7:45 p.m., police responded to a robbery report at the Kentucky Fried Chicken Restaurant, (K.F.C.), at 311 Whalley Avenue in New Haven. Hawaou Barry, an employee of K.F.C., testified that while getting chicken for a customer she heard screaming and turned around and that the person she subsequently identified came close to her with a pistol and pointed it at her belly. For about two minutes they were face to face and she described the gun wielder as wearing a mask that was like a stocking, but because he was close to her, she could see his face.
Within an hour of the robbery, Ms. Barry was brought to an area where the defendant was apprehended which was two blocks from K.F.C. There were three subjects present who were not handcuffed. She remained in a police car and the police brought each of the three subjects to the police car separately. Two of the subjects she could not identify, but she positively identified the defendant as the person that held the gun on her.
In determining whether identification procedures violate due process rights the required inquiry is two pronged. The defendant must demonstrate that the identification procedure was unnecessarily suggestive and if in fact it was unnecessarily suggestive it was necessarily reliable based on an examination of the totality of the circumstances. The defendant has the burden of proving both that the identification procedures were unnecessarily suggestive and that the resulting identification was unreliable. State v. White, 229 Conn. 125
(1994).
A review of the evidence presented at the hearing makes clear that the identification procedure was not unduly suggestive. Showups and procedures like them tend to ensure accurate identifications and the benefit of promptness aids reliability and often times permits the speedy release of an innocent party if there is no positive identification.State v. Sims, 12 Conn. App. 239, 242 cert. den. 206 Conn. 801 (1987). There were three suspects who were not handcuffed and were brought to the police car wherein the victim was seated separately. Assuming, arguendo, that there was some taint to the identification procedure the identification was reliable on the basis of the totality of the circumstances. State v. Reddick, 224 Conn. 445 (1993). The opportunity to closely observe the defendant at the time of the crime, the very short interval between the crime and identification, the very short distance between the crime scene and where the identification took place and the lack of any equivocation in making the identification demonstrates that the identification was reliable based on the totality of the circumstances. State v. Mills, 57 Conn. App. 356 (2000). CT Page 9787
The defendant relies in great part on evidence that the identifying witness had difficulty with the English language. The court had an opportunity to observe her and is satisfied that her ability to communicate in the English language was clearly sufficient to make herself understood both at the scene of the crime and at the place of identification. An interpreter was used as an assistance to the court, but not as an necessity.
The motion to suppress the identification of the defendant is denied.
Owens, J.